KOCH v. BJORKEGREN et al.

(Supreme Court, Appellate Term. November 12, 1909.)

BROKERS (§ 85*)—ACTION FOR COMMISSION—EVIDENCE—ADMISSIBILITY.

   Where, in an action for broker's commission for procuring a purchaser of real estate, the issue was whether plaintiff had been employed to procure a purchaser, the admission in evidence of the contract of sale, drawn in the absence of plaintiff, stating that the seller and purchaser agreed that no broker had brought about the sale and that no commission was to be paid to the broker, was prejudicial to plaintiff.

   [Ed. Note.—For other cases, see Brokers, Dec. Dig. § 85.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Adolph Koch against Charles Bjorkegren and another. From a judgment for defendants, rendered in the Municipal Court of the City of New York, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Geo. F. Stainton, for appellant.
J. Homer Hildreth, for respondents.

PER CURIAM. Plaintiff claims $100 for broker's commission in procuring a purchaser for defendant's real estate. There is no question that a sale did take place to the person whom plaintiff introduced to defendant. The plaintiff was a saloon keeper, and one day, when defendant and Becht, the subsequent purchaser, were both in the saloon, plaintiff called them together, introduced them to each other, and, according to defendant, said:

"Here is a party who wants to buy your house. Sell it to him as cheap as you can, and I don't want any commission from you, or anything"

—and that defendant sold the house cheaper because he did not expect to pay any commission. Defendant also denies that he ever hired plaintiff to sell the house, but merely asked plaintiff to buy it himself, and that plaintiff would not buy it. Defendant does not remember whether or not plaintiff said he would find a buyer; but defendant is positive he never agreed to pay a commission, and never hired plaintiff to find a purchaser. Plaintiff claims there was a hiring, and a promise to pay commissions, made by defendant to plaintiff, and no waiver of his right thereto by plaintiff. Becht swears that plaintiff told him of defendant's house being for sale, and that he told plaintiff to offer $7,500 for it, and that the plaintiff introduced him to defendant as a proposed purchaser of the property. The defendant says that "the lowest price that I had asked was $8,700"; but he finally sold it to Becht for $8,000, and claims that he put it down to the lowest price because he thought he was to pay no commission.

It may be observed that plaintiff's claim is only $100, while the difference between the price wanted by defendant and the price at which the property was sold was $700. After the plaintiff had brought the parties together, and a sale had been agreed upon, a contract in writing of the terms of sale was drawn in the absence of plaintiff and without his knowledge, which contract provided, among other things:

"The seller and purchaser agree that no broker has brought about this sale, and no commission is to be paid by the seller."

The contract, with this provision, was introduced in evidence, over plaintiff's objection. The admission of the contract with respect to this provision, which was, apparently, the real object of defendant in introducing the contract, was error, as plaintiff was in no way bound by such provision, and the effect of the admission of such provision in evidence was calculated to prejudice plaintiff.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.